UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| LASANYA MUHAMMAD on Behalf of Herself and on Behalf of All Others Similarly Situated, § § § | |
| § | CIVIL ACTION NO.: _____ |
| Plaintiffs,    § | COLLECTIVE ACTION COMPLAINT |
| § | |
| V.    § | JURY TRIAL DEMANDED |
| § | |
| HALLMARK HEALTH CARE SOLUTIONS, INC., § § § | |
| Defendant.    § § | |

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT & JURY DEMAND**

Lasanya Muhammad ("Plaintiff"), on behalf of herself and on behalf of all others similarly situated, bring this Collective Action Complaint under the Fair Labor Standards Act against Hallmark Healthcare Solutions, Inc. ("Defendant"), and hereby state and allege as follows:

### I.    INTRODUCTION

1.    Defendant required Plaintiff to work more than forty hours in a workweek without overtime pay.  Unfortunately, Defendant misclassified Plaintiff as exempt from overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.,* and denied her pay at the rate of time and one-half her regular rate of pay when she worked more than 40 hours in a workweek. In addition to the Plaintiff, Defendant has misclassified hundreds of other workers as exempt from overtime.

1

2. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a). On behalf of herself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to hereinafter as the "Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District because a substantial portion of the events forming the basis of this suit occurred in this District. In particular, Defendant maintains its headquarters in this District and the decision to pay Plaintiff and the Class Members in the illegal manner described in this Complaint was made in this District.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Lasanya Muhammad is an individual residing in Georgia. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

6. The "Class Members" are all current and former customer support specialists and senior customer support specialists during the three-year period before the filing of this Complaint.

7. Defendant Hallmark Health Care Solutions, Inc. is a Massachusetts corporation. Said Defendant may be served process through its registered agent C T Corporation System at 155 Federal Street, Suite 700 Boston, MA 02110.

8. This Court has personal jurisdiction over Defendant as it maintains its principal place of business in Massachusetts. Defendant's principal place of business is located at 20 City Square, Suite 202, Charlestown, MA 02129.

## COVERAGE

9. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

10. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

11. At all material times, Defendant has been an enterprise or enterprises in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

12. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

13. At all material times, Plaintiff and Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

## FACTUAL ALLEGATIONS

14. Defendant is a software company that sells various products to health systems, hospitals, LTC facilities, staffing agencies and other companies. (*See* https://hallmarkhcs.com/solutions/health-systems-hospitals-ltc-facilities/, last visited February 10, 2025).

15. To provide its services to its customers, Defendant employs customer service workers. These workers perform basic customer service duties, including data entry, answering basic questions from customers, recording questions and concerns from customers, and escalating issues to the IT department of Defendant to resolve.

16. Defendant employs customer support specialists and senior customer support specialists in its customer service department.

17. Plaintiff worked for Defendant as a customer service worker from approximately April 2022 to November 2024. She was paid a salary without overtime. She regularly worked more than 40 hours per week. Her normal schedule was 8:00 a.m. to 5:00 p.m. Due to her heavy workload, she normally worked without any lunch break and worked past her 5:00 pm shift time. She also worked several hours on the weekend.

18. Plaintiff was paid a salary without overtime pay.

19. Like Plaintiff, the Class Members worked as customer service workers.

20. Like Plaintiff, the Class Members were paid a salary.

21. Like Plaintiff, the Class Members worked more than 40 hours a week without overtime pay.

22. Additionally, Plaintiff was to be paid a non-discretionary bonus in addition to her salary. The bonuses should have been factored into the regular rate of pay because the bonuses were non-discretionary. 29 C.F.R. § 778.207. Non-discretionary bonuses include those that are designed to encourage employees to work more steadily, rapidly, or efficiently. *Id*. Few bonuses are discretionary under the FLSA. *See* 29 C.F.R. 778.200; 778.208; 778.209.

23. 29 C.F.R. § 788.211 provides that if there is a prior agreement or notice in advance about the ability to earn the bonus, then the bonus is non-discretionary:

4

> In order for a bonus to qualify for exclusion as a discretionary bonus under section 7(e)(3)(a) the employer must retain discretion **both as to the fact of payment** and as to the **amount until a time quite close to the end of the period for which the bonus is paid**. The sum, if any, to be paid as a bonus is determined by the employer **without prior promise or agreement**. The employee has no contract right, express or implied, to any amount. If the employer promises in advance to pay a bonus, he has abandoned his discretion with regard to it. **Thus, if an employer announces to his employees in January that he intends to pay them a bonus in June, he has thereby abandoned his discretion regarding the fact of payment by promising a bonus to his employees**.

29 C.F.R. § 788.211 (emphasis added).

24. Bonuses that are intended to encourage the employee to work harder and serve as a reward for performance are non-discretionary bonuses. In such situations, the bonuses should be included in the regular rate of pay. *See* 29 C.F.R. § 778.212(b) ("If it is measured by hours worked, production, or efficiency, the payment is geared to wages and hours during the bonus period and is no longer to be considered as in the nature of a gift."). The federal regulations provide several examples of bonuses that must be included in the regular rate of pay:

> Attendance bonuses, individual or group production bonuses, bonuses for quality and accuracy of work, bonuses contingent upon the employee's continuing employment until the time the payment is to be made and the like are in this category. They must be included in the regular rate of pay.

29 C.F.R. § 778.211(c).

25. Here, the bonuses were non-discretionary because the Plaintiff and Class Members were told in advance that they would receive the bonus if certain requirements were met. Further, the bonuses were designed to encourage the Plaintiff and Class Members to work harder and to serve as reward for their performance. Thus, the bonuses need to be included in the regular rate of pay for purposes of calculating overtime pay to Plaintiff and the Class Members.

29. Plaintiff and the Class Members are not exempt from overtime. Their job duties do not satisfy any exemption from overtime.

30      The primary duty of the Plaintiff and Class Members is not to manage two or more full-time employees. Instead, their primary duty was to perform basic, routine functions that involve little discretion on matters of significance, such as data entry, answering phone calls, and gathering information from customers.

31      The Plaintiff and Class Members did not have hiring or firing authority and their suggestions, if any, with respect to hiring, firing, or the advancement/promotion of other employees is not given any particular weight.

32      The Plaintiff and Class Members did not set or adjust rates of pay.

33      The Plaintiff and Class Members did not make any hiring or firing decisions.

34      The primary duty of Plaintiff and the Class Members was not to supervise other employees or manage a customarily recognized department of Defendant's company.

35      Plaintiff and the Class Members had no authority or input regarding promoting or demoting other employees.

36      Plaintiff and the Class Members had no authority to set or adjust the rates of pay of other employees.

37      Plaintiff and the Class Members were required to follow the directions of the employees giving them assignments.

38      The primary duty of Plaintiff and the Class Members did not require independent judgment and discretion with respect to matters of significance.

39      The primary duty of Plaintiff and the Class Members was related directly to the service that Defendant offered, not the management of the company's operations.

40  Despite these facts, the Plaintiff and Class Members were classified as exempt from overtime and do not receive any additional wages when they work more than 40 hours in a week.

41  Plaintiff was classified as exempt from overtime and thus was not paid overtime at the rate of time and one-half her regular rate of pay when she worked more than 40 hours in a workweek.

42  Defendant knew or showed reckless disregard for whether Plaintiff and the Class Members were entitled to overtime pay under the law. In particular, Defendant operates a large, sophisticated company that knew about the requirement to pay overtime wages. The failure on Defendant's part to pay overtime was intentional or a reckless disregard for the law.

## **VIOLATION OF 29 U.S.C. § 207**

43  Plaintiff incorporates all allegations contained in the foregoing paragraphs.

44  Defendant's practice of failing to pay Plaintiff and the Class Members time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

45  None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant or Plaintiff/Class Members.

## **COLLECTIVE ACTION ALLEGATIONS**

46  Plaintiff incorporates by reference the allegations in the preceding paragraphs.

47  As part of its regular business practices, Defendant has engaged in a pattern, practice, or policy of violating the FLSA on a class-wide basis, as described above.

48     Plaintiff has actual knowledge that the Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's misclassification of its employees.

49     Plaintiff's knowledge is based on her personal work experience and through communications with other workers of Defendant. Plaintiff personally worked with other employees who were also classified as exempt from overtime.

50     Other workers similarly situated to Plaintiff worked for Defendant throughout the United States, but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

51     Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

52     The Class Members perform or have performed the same or similar work as Plaintiff and were not paid overtime by Defendant.

53     The Class Members are not exempt from receiving overtime pay under the FLSA.

54     As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, and the denial of overtime pay.

55     Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of any FLSA Class Member.

56     The experiences of Plaintiff, with respect to her pay, hours, and duties are typical of the experiences of the Class Members.

57    The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

58    All Class Members, irrespective of their particular job requirements or job title are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

59    Although the exact amount of damages may vary among the Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

60    As such, the class of similarly situated Plaintiff for the FLSA Class is properly defined as follows:

> **All current and former customer support specialists and senior customer support specialists during the three-year period before the filing of this Complaint.**

## DAMAGES SOUGHT

61    The Plaintiff and Class Members are entitled to recover their unpaid overtime compensation and liquidated damages.

62    The Plaintiff and Class Members are entitled to recover their attorneys' fees, costs, and interest.

## JURY DEMAND

63    The Plaintiff and all Class Members hereby demand trial by jury on all issues.

## PRAYER

64    For these reasons, Plaintiff and all Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all Class Members to permit them join this action by filing a written notice of consent;

b. A judgment against Defendant awarding Plaintiff and the Class Members all their unpaid overtime compensation and liquidated damages;

c. An order awarding attorneys' fees, costs, and expenses as allowed under the FLSA;

d. Pre- and post-judgment interest at the highest applicable rates; and

e. Such other and further relief as the Court deems necessary and appropriate.

Date: February 10, 2025                                Respectfully submitted,


By: */s/ Arnold Lizana, III*
Arnold. J. Lizana, III
BBO No. 646161
Law Office of Arnold J. Lizana III, P.C.
1350 Main Street, Suite 302
Springfield, MA 01103
alizana@attorneylizana.com
Telephone: (877) 443-0999

Don J. Foty*
Texas Bar No. 24050022
5625 Cohn Meadow Lane
Houston, TX 77007
Tel: (832) 510 9950
dfoty@fotylawgroup.com

* - Will apply for admission *pro hac vice*

*Counsel for Plaintiff and Class Members*